**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MARIA ROSALES,<br><br>Petitioner,<br><br>v.<br><br>PATRICIA HYDE, et. al.,<br><br>Respondents. | Civil Action No. 1:26-cv-13193-MJJ |

**RESPONDENT'S OPPOSITION TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C § 2241**

Respondents by and through their attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully submits this opposition to Maria Rosales's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). Doc. No. 1. Respondent responds to the Petition as contemplated by Rules 4 and 5 of the Federal Rules Governing Section 2254 cases and in accordance with the Court's Service Order.[1]

Respondents also asks this Court to immediately vacate its Order enjoining ICE from removing Petitioner from the United States as removal is imminent per Immigration and Customs Enforcement ("ICE") agency counsel.

Petitioner's detention by U.S. Immigration and Customs Enforcement for purpose of effectuating her final order of removal is fully supported by the Immigration and Nationality Act

[1] *See* Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition…"); *Vieira v. Moniz*, No. CV 19-12577-PBS, 2020 WL 488552, at *1 n.1 (D. Mass. Jan. 30, 2020) (evaluating the Government's response to habeas petition under Section 2254 Rules).

("INA") and the Constitution. ICE's detention of Petitioner is indeed for purpose of effectuating her imminent removal as ICE intends to remove the Petitioner as soon as the Stay of Transfer or Removal if lifted.

Dismissal of this Petition is also required because this Court lacks jurisdiction to interfere with ICE's removal of Petitioner to Colombia per 8 U.S.C. § 1252(g) which bars district court review of any "decision or action by [ICE] to … execute removal orders." *Compere v. Riordan,* 368 F. Supp. 3d 164, 171 (D. Mass. 2019) (Explaining that because petitioner is "subject to a final order of removal and he seeks to enjoin ICE from enforcing that order … [h]is claim for injunctive relief falls, therefore, directly within the jurisdictional bar set by Congress.").

For these reasons, this Court must dismiss this Petition expeditiously and lift its stay of removal order so ICE can effectuate Petitioner's final order of removal.

## BACKGROUND

Petitioner is a native and citizen of Colombia. Exhibit 1, Notice to Appear. She entered the United States in 1998 with authorization to remain until March 6, 1999. *Id.* The Petitioner remained in the United States without authorization. *Id.* On August 11, 2014, a Notice to Appear was served on the Petitioner charging her as an overstay under Section 237(a)(1)(B) of the Immigration and Nationality Act. *Id.* On the same day, the Petitioner was released on an Order of Release on Recognizance. Exhibit 2, Form I-220A. The Petitioner had a hearing before the Executive Office for Immigration Review on June 28, 2017. Exhibit 3, Decision. The Petitioner did not appear and was ordered removed. *Id.* The Petitioner was encountered again by ICE on or about July 11, 2026. ECF No. 1 ¶ 5. The Petitioner was detained due to her final order of removal. Exhibit 4, Warrant of Removal/Deportation. ICE is in possession of the Petitioner's passport which is a sufficient

travel document for removal. *Id.* ICE remains ready to effectuate the removal of the Petitioner barring any orders staying her removal.

## ARGUMENT

ICE's detention of Petitioner is authorized by statute and does not offend the Constitution. Additionally, this Court lacks jurisdiction to interfere with ICE's effectuation of Petitioner's removal order. As such, this Court must deny the Petition.

### A. Petitioner is Lawfully Detained Pursuant to 8 U.S.C. § 1231

ICE's detention authority stems from 8 U.S.C. § 1231 which provides for the detention and removal of aliens with final orders of removal. Section 1231(a)(1)(A) directs immigration authorities to remove an individual with a final order of removal within a period of 90 days—this is known as the "removal period." During the removal period, § 1231(a)(2) commands that ICE "shall detain" the final order alien. If, however, the removal period has expired, ICE can either release an individual pursuant to an Order of Supervision as directed by Section 1231(a)(3) or may continue detention under Section 1231(a)(6). Per Section 1231(a)(6), ICE may continue detention beyond the removal period for three categories of individuals:

- Those who are inadmissible to the United States pursuant to 8 U.S.C. § 1182;
- Those who are subject to certain grounds of removability from the United States pursuant to 8 U.S.C. § 1227; or
- Those whom immigration authorities have determined to be a risk to the community or "unlikely to comply with the order of removal."

Because Petitioner's prior order of removal was final in 2017, Petitioner is now outside of the 90-day removal period during which the government "shall detain" the individual. 8 U.S.C. § 1231(a)(2). However, 8 U.S.C. § 1231(a)(6) allows ICE to detain Petitioner because she is unlikely to comply with the order of removal. The Petitioner has not departed the United States since her removal order was rendered almost ten years ago. The Petitioner has not filed a motion to reopen

or any other documents to attempt to address her removal order. The Petitioner has filed for DACA. ECF No. 1 ¶ 12. However, DACA does not, in any way, affect her removal order. DACA is only a form of deferred action and her removal order remains final with or without such deferred action. As such, ICE has statutory authority to detain Petitioner to effectuate her removal order from the United States and she is not entitled to release as Section 1231(a)(6) does not contemplate such process.

**B. Petitioner's Detention and Imminent Removal is Constitutional.**

Petitioner's claim that her detention violates the Constitution is without merit as ICE's detention is necessary to effectuate his imminent removal from the United States to Colombia.[2]

Petitioner does not acknowledge her removal order and states her due process rights have been violated as she is attempting to renew her DACA status. ECF No. 1 ¶ 13. The Petitioner's removal order is final, her deferred action has expired, and she has not attempted to address her final order since 2017. As such, Petitioner's due process challenge to her current detention fails.

The Supreme Court set forth a framework for analyzing the Constitutionality of post-final order detention under Section 1231(a)(6) in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). In

---

[2] Any claim with regards to the Administrative Procedure Act ("APA") is without merit. The proper legal mechanism to challenge Plaintiff's custody is 8 U.S.C. § 2241, rather than the APA. By way of example, the Supreme Court recently held that the five Venezuelan aliens who sought declaratory and injunctive relief under the APA who challenged their confinement and removal under the Alien Enemies Act ("AEA") needed to seek relief through a habeas corpus petition. Trump v. J. G. G., 604 U.S. 670, 672 (2025). The Supreme Court reasoned that "[r]egardless of whether the detainees formally request release from confinement, because their claims for relief " 'necessarily imply the invalidity' " of their confinement and removal under the AEA, their claims fall within the "core" of the writ of habeas corpus and thus must be brought in habeas." Id. The Supreme Court further held that the Government was likely to succeed on the merits of challenge to the District of Columbia as venue for the habeas proceeding as the plaintiffs were confined in Texas. See id.

*Zadvydas v. Davis*, the Supreme Court held that a noncitizen may be held in confinement without concern of violating the Constitution (such as Petitioner's Fifth Amendment claim) until it has been determined that there is "no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. 678, 701 (2001). Generally, the Supreme Court held that the government cannot detain an alien "indefinitely" beyond the 90-day removal period. 533 U.S. at 682. Accordingly, the Supreme Court "read an implicit limitation into the statute … in light of the Constitution's demands" and held that Section 1231, "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States." *Id.* at 689. The *Zadvydas* Court decided that post-removal detention for six months is "presumptively reasonable." *Id.* at 701. However, "[t]his six-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is *no* significant likelihood of removal in the reasonably foreseeable future." *Id.* (emphasis added). Beyond six months, the Supreme Court explained, an individual could file a habeas petition seeking release. *Id.* at 700-01. In such petition, the individual must show there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.* at 701. If the individual does so, the burden would then shift to the government to produce "evidence sufficient to rebut that showing." *Id.* The Petitioner has not shown or demonstrated, in any way, there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Here, there is a significant likelihood of removal in the reasonably foreseeable future as a travel document, her passport, is in hand, and ICE is prepared to remove the Petitioner as soon as the Court allows.

Finally, Petitioner does not face indefinite detention. ICE plans to schedule Petitioner's removal from the United States imminently and therefore she will soon be released from custody

assuming this Court vacates its Order enjoining his removal. Petitioner's detention is fully permissible and does not violate the Fifth Amendment's Due Process Clause and therefore her claim for release must be rejected.

### C. This Court Lacks Jurisdiction to Interfere with Petitioner's Removal from the United States.

This Court is without jurisdiction to stay Petitioner's removal as 8 U.S.C. § 1252(g) precludes a district court from staying orders of removal. Section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by ... any alien arising from the decision or action by [ICE] to ... *execute removal orders against any alien*." (emphasis added). This provision applies "notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title." *Id.* Section 1252(g) is "directed against a particular evil: attempts to impose judicial constraints upon [certain categories of] prosecutorial discretion." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 n.9 (1999). Indeed, Petitioner's "requested relief, a stay from removal, would necessarily impose a judicial constraint on immigration authorities' decision to execute the removal order, contrary to the purpose of § 1252(g)." *Viana v. President of United States*, No. 18-CV-222-LM, 2018 WL 1587474, at *2 (D.N.H. Apr. 2, 2018), *aff'd sub nom. Viana v. Trump*, No. 18-1276, 2018 WL 11450369 (1st Cir. June 18, 2018).

Courts within this district, and around the country, routinely hold that they lack jurisdiction to enter an order staying removal based on section 1252(g)'s plain language. *See e.g., Tejada v. Cabral,* 424 F. Supp. 2d 296, 298 (D. Mass. 2006) ("Congress made it quite clear that all court orders regarding alien removal—be they stays or permanent injunctions—were to be issued by the appropriate courts of appeals."); *Aziz v. Chadbourne*, No. CIV.A.07-11806-GAO, 2007 WL 3024010, at *1 (D. Mass. Oct. 15, 2007) ("[a]ny stay of the final order of removal would squarely

interfere with the execution of the removal order."); *Martin v. U.S. Immigration & Customs Enf't,* No. CIV.A. 13-11329-DJC, 2013 WL 3282862, at *3 (D. Mass. June 26, 2013) ("this Court lacks authority to issue a stay of a final order of removal."); *Nelson v. Hodgson*, No. CIV.A. 14-10234-DJC, 2014 WL 2207621, at *2 (D. Mass. May 27, 2014) (the "provisions of the REAL ID Act preclude this court from entering an order staying petitioner's removal."); *Doe,* 2018 WL 4696748, at *3 (same); *Compere*, 368 F. Supp. 3d 164, 170 (D. Mass. 2019) (same); *Lopez Lopez v. Charles*, No. 12-CV-101445-DJC, 2020 WL 419598, at *4 (D. Mass. Jan. 26, 2020) (same).

Respondents respectfully request this Court vacate its Order staying Petitioner's removal immediately so ICE can effectuate Petitioner's removal order.

**CONCLUSION**

For the above reasons, Petitioner's assertion of unlawful detention in violation of the Constitution fails. As such, this Court should deny her request for release.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: July 16, 2026

By: */s/ Vincent Engingro III*
Vincent Engingro III
Special Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3100
Email: Vincent.engingro@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Vincent Engingro III, Special Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: July 16, 2026 By: */s/ Vincent Engingro III*
Vincent Engingro III
Special Assistant United States Attorney