UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MARIA ROSALES**<br><br>Petitioner/Plaintiff,<br>v.<br><br>**Patricia Hyde**, et al,<br>Respondents/Defendants | C.A. No. 26-cv-13193-MJJ |

**JOINT STATUS REPORT AND PROPOSED SCHEDULE**

The parties submit this joint statement in response to this Court's order to propose a schedule going forward.

**Petitioner/Plaintiff's Position**

The Petitioner/Plaintiff ("Plaintiff") proposes to move forward in litigating her claims under the INA, Due Process Clause and Administrative Procedures Act that the Respondents conduct in seeking to deport the Plaintiff while her Deferred Action for Childhood Arrivals (DACA) application is pending, among other things, is a change in policy and practice that violates DACA and the APA, as well as her due process right to pursue relief under the INA and DACA. Petitioner submits that such relief is relevant to her continued non-detention and as well as to obtain a determination as to her DACA status. Respondents have given no assurances that Petitioner will not be re-detained in some other jurisdiction. Petitioner also anticipates arguing that Respondents are illegally not reviewing and determining her DACA status and unduly delaying that determination in violation of the INA, the APA, and her due process rights.

Petitioner submits that the original Petition did assert claims in her original filing for both relief pursuant to a Writ of Habeas Corpus and a Complaint for Declaratory and Injunctive Relief, and a write of mandamus, all of which are properly brought in one action pursuant to Fed. R. Civ.

P. 15, 18 and 20. See ECF # 1, at 1. It alleges that the Plaintiff is eligible to receive deferred action as a DACA recipient, but that her DACA application has been pending with USCIS since September 20, 2023. ECF xx at 2.

As set forth in the Petition:

> 31. The Federal Rules of Civil Procedure, as well as interests of judicial efficiency, provide that such joinder of claims is permissible and proper. First, the claims joined in this Petition/Complaint are of the type properly joined under Federal Rule of Civil Procedure 18, which provides that a party "may join, as independent or alternative claims, as many claims as it has against an opposing party." *See also United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.").
> 32. Moreover, all of these claims clearly arise from a common nucleus of operative facts and are properly considered together. *See* 28 U.S.C. §1367, Fed. R. Civ. P. 20. Thus, the claims in this case are properly joined in one action as is commonly done. *See, e.g., Brito v. Garland*, 22 F. 4th 240 (1st Cir. 2021) (addressing class action relief where "three Plaintiffs subsequently filed a habeas corpus petition and class action complaint for declaratory and injunctive relief including claims that government violated INA and APA); *Orellana v. Moniz*, 808 F. Supp. 3d 167 (D. Mass. 2025) (addressing combined petition for writ of habeas corpus and class action complaint asserting government's denial of bond hearings violated INA, Due Process Clause and the APA).

The Complaint alleges APA violations through the application of the "Blind Removal Policy" of seeking to detain and deport noncitizens while failing to take action on their applications for legal status, including through DACA, citing *Immigr. Ctr. for Women & Children (ICWC) v. Noem*, 25-cv-09848-AB-AS, 2026 U.S. Dist. LEXIS 114740 (C.D. Cal. May 20, 2026). Cplt. ¶61.

Moreover, the Complaint asks for relief under the APA and states: "For the reasons relied upon in the *ICWC* decision, this Court should stay the application of the 2025 ICE Policy Memo and Blind Removal Policy, including as to Plaintiff." The Blind Removal Policy, in this context, refers to ICE's policy of seeking to detain and deport noncitizens who are otherwise eligible for and in the process of seeking legal status, such as pursuant to DACA, which would provide for

protection from such detention and deportations. Plaintiff proposes to amend her complaint to set these claims forth in greater detail and address the impact on her DACA status that Respondents' undue delay in adjudicating it has caused. Without addressing these issues, Plaintiff remains vulnerable to re-detention without due process in some other jurisdiction. Moreover, Respondents have been unable or unwilling to provide any assurance that this will not occur while her DACA application is pending.

The Plaintiff therefore proposes and seeks leave to have 60 days, until November 3, 2026, to file an Amended Complaint, as well as a Motion for Preliminary Injunction and Memorandum in Support. Petitioner proposes that Respondents be allowed 30 days to respond to these filings and that Petitioner be allowed an additional 30 days to Reply. Pursuant to Fed. R. Civ. P. 15, leave to amend a complaint "shall be freely given when justice so requires." Here, the Plaintiff proposes to amend the Complaint to more clearly set forth the claims for further relief under the APA and for undue delay in adjudicating her DACA application and suggests that these claims are appropriately joined here and that an Amended Complaint will facilitate the Court's consideration of these issues.

**Respondents/Defendants' Position**

The Respondents take the position that this matter should be dismissed as moot since the Plaintiff was released. The only arguments made in the Petition related to unlawful detention and the only relief sought was release or in the alternative, a bond hearing. ECF No. 1, Count One – Count Six; PRAYER FOR RELIEF. Relief has been ordered as the Petitioner was released. ECF No. 14. This Court has ordered a joint proposed schedule for resolution of Petitioner's *remaining* constitutional and APA claims. However, Petitioner now seeks to file an amended complaint and other submissions in the attempt to morph a clear habeas action into a separate civil action. This

is not what the Court ordered. ECF No. 14. Much of what Petitioner seeks is well known to be outside the scope of a habeas petition. Regardless, to the extent that Petitioner wishes to assert civil claims regarding ICE practices and policies relating to re-detention and removal, such claims must be brought via a civil action, rather than a habeas action. *Oliveira v. Lyons,* No. 1:25-cv-12859, Dkt. [11] at 8 n.8 (D. Mass. Oct. 24, 2025). If Petitioner seeks to file a Complaint to address her concerns as detailed above, the proper filing should be made. If the Court would like a response to Petitioner's remaining constitutional and APA claims as it relates to habeas corpus, the Respondents only need an additional ten days to submit a Motion to Dismiss.

Respectfully submitted,

Dated: September 4, 2026

*/s/ Sara Miron Bloom*
*Counsel for Petitioner*
MA BBO #552351
Rubin Pomerleau, P.C.
Two Center Plaza, Suite 520
Boston, MA 02108
Tel: 617.367.0077
Email: sbloom@rubinpom.com

*/s/ Vincent Engingro, III*
Vincent Engingro, III
Special Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel: (617) 748-3100
Vincent.engingro@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2026, I electronically filed this document and it is available for viewing and downloading from the Court's CM/ECF System, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

*/s/ Sara Miron Bloom*